IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. SAG-24-0120** |
| | * | |
| **WILLIAM SHEROD** | * | |
| **HAROLD DORMAN** | * | |
| **DEONTAE BRITTON,** | * | |
| a/k/a **DEAUNDRE BLOUNT** | * | |
| Defendants. | * | |
| | ****** | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE REFERENCES TO POTENTIAL ALIBI DEFENSE**

The United States of America submits this Motion *in limine* to exclude references at trial pertaining to any potential alibi defense.

On May 21, 2025, the government filed requests seeking disclosure pertaining to an alibi defense and any witnesses in support of any alibi defense pursuant to Federal Rule of Criminal Procedure 12.1(a). ECF 129. Under this rule, the defense has 14 days after the request to serve written notice on the government of any intended alibi defense. The government has not received any such notice from any of the Defendants.

Federal Rule of Criminal Procedure 12.1(a) provides that, upon request, "the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state . . . each specific place where the defendant claims to have been at the time of the alleged offense; and . . . the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1.

The alibi notice requirement seeks to "minimize the risk that fabricated testimony will be believed by the jury." *Taylor v. Illinois*, 484 U.S. 400, 413 (1988). Failure to comply with Rule 12.1 allows a court to "presume that there is something suspect about a defense witness who is

not identified until after the 11th hour has passed." *Taylor v. Illinois*, 484 U.S. 400, 414 (1988). "Notice to the prosecution of proposed alibi evidence is required because an alibi defense is at once compelling if accepted and easy to concoct, so the prosecution is justified in wanting an opportunity to investigate it in advance of trial." *United States v. Ford*, 683 F.3d 761, 764 (7th Cir. 2012).

Courts routinely exclude alibi witnesses when defendants have failed to comply with Rule 12.1's notice requirement. *See, e.g.*, *United States v. Ramos-Gonzalez*, 775 F.3d 483, 496 (1st Cir. 2015) (holding it was "not a close call" to exclude a prospective alibi witness whose identity had not been previously disclosed pursuant to Rule 12.1); *United States v. Ford*, 683 F.3d 761 (7th Cir. 2012) (upholding exclusion of undisclosed alibi witness who would have testified that it was "psychologically impossible" for the defendant to have committed a violent crime because he was not "visibility agitated" two hours afterward). *United States v. Henderson*, 241 F.3d 628 (9th Cir. 2000) ("Federal Rule of Criminal Procedure 12.1 permits a district court to exclude the testimony of an alibi witness when the defendant has failed to timely disclose the witness"); *United States v. Davis*, 40 F.3d 1069, 1075 (10th Cir. 1994) (excluding an alibi witness for lack of Rule 12.1 notice.

In this case, the defendants have failed to provide any alibi defense or witness notification whatsoever to the government. Hence, the government respectfully asks the Court to issue an order precluding any references to such an alibi defense in opening, during cross-examination, or in the Defendants' direct case. *See United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court.").

For the foregoing reasons, this Court should grant the government's Motion *in Limine* to exclude references, argument, or defense witnesses related to any alibi.

        Respectfully submitted,

        Kelly O. Hayes
        United States Attorney

By:        /s/
        Kim Y. Hagan
        Sarah E. Simpkins
        Assistant United States Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  SAG-24-0120 |
| | * | |
| WILLIAM SHEROD | * | |
| HAROLD DORMAN | * | |
| DEONTAE BRITTON | * | |
| a/k/a DEAUNDRE BLOUNT, | * | |
| Defendants. | * | |
| | ****** | |

## ORDER

Pending before the Court is the government's Motion *in limine* to exclude references to potential alibi defense.  The Court hereby FINDS that the Defendants have not provided notice of any intended alibi defense pursuant to Federal Rule of Criminal Procedure 12.1.  It is this therefore this ___ day of October, 2025, ORDERED as follows: Counsel for Defendants shall not refer in any way to an alibi defense, including in Defendants' opening, during cross-examination of any government witnesses, or in Defendants' case in chief.

_____
Honorable Stephanie A. Gallagher
United States District Judge